# Stokely *against* Trout.

In an action of ejectment to compel the payment of purchase money, it is not essential to the plaintiff's right to recover that he should first show a perfect title to the land in himself; it lies upon the defendant to show an outstanding title when he relies for his defence upon a defective title in the plaintiff.

When an agreement between a vendor and vendee contemplates another deed, although it may be in the words of a deed of conveyance, the vendor has a lien for the unpaid purchase money.

The court will not reverse a judgment for an alleged error which the paper book does not exhibit.

ERROR to *Westmoreland* county.

This was an action of ejectment by George W. Trout against Joseph Stokely to recover the possession of a lot of ground, under the facts which are stated in

The opinion of the Court, which was delivered by

HUSTON, J.—This was an ejectment by Trout against Stokely to recover the possession of the lot in question, or the payment of the balance of the purchase money. The verdict and judgment were for the plaintiff below. We have only a very short abstract of part of the evidence, and a short sentence of the charge of the court. I gather the following facts from the testimony, or rather from the parts of it brought before us.

On the 13th of February 1827, Trout and Stokely entered into the following agreement:

"Articles of agreement between George W. Trout and J. Stokely, both of Westmoreland county, and state of Pennsylvania: witnesseth, that the said George W. Trout, for and in consideration of the

sum of 87 dollars 50 cents, to be paid as heretofore mentioned, and as well as for and in consideration of one dollar to him in hand paid by J. Stokely, at and before the delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained, sold and aliened, enfeoffed, released and confirmed to the said Stokely, his heirs or assigns, a certain lot or piece of ground situated in the vicinity of Robbstown, known as the lot or piece of ground held formerly by Dr H. B. Trout, with the appurtenances and tenements thereon erected; and do further assign over to the said Stokely the article of John Robison Mason, and bind myself, my heirs, executors or administrators to make to said Stokely, against the 1st of April 1828, a more complete deed of conveyance for the same; and Stokely binds himself to pay 39 dollars against the 1st of July, or settle that amount with John Nicholls, and pay the balance of 47 dollars 50 cents against the 1st of April 1828. In testimony whereof, we have hereunto set our hands and seals, February 13, 1827."

It would seem from the fact that the purchaser is the defendant in this ejectment, that possession was given; and from the verdict being for the plaintiff, to be released on the payment of the balance of the purchase money, that part of the purchase money has been paid. We also know that a deed was executed by Trout and wife to Stokely and offered to him, but rejected; but for what reason we do not know: the deed is not on our paper book, and we are to decide on the legality of it, without seeing it or knowing why it was objected to: of course we cannot say there was error in deciding it to be sufficient. The man who enters into articles of agreement to sell land, and puts the buyer into possession, may not be able to make a good title, and may not be able to recover the purchase money; but if the buyer will not pay, he must restore the possession, or it will be recovered from him in ejectment by the seller. I state this as a general rule: there may be exceptions; as where the buyer having paid part, offers the balance and demands a deed; and especially if a large part has been paid, or improvements made: but we have no evidence of any such offer here. This brings us to the second error assigned, that the before recited article of agreement is in fact a deed of conveyance, and left no right in Trout, and therefore he could not support an ejectment.

We do not think so. It is commenced, "articles of agreement between," &c. &c. It does not purport to be the consummation of the contract; it stipulates for something to be done by each party; and expressly, that the seller is to make a *more complete deed for the property*, and the buyer to pay at a future day.

This subject has been considered often in this court. We have two cases, Stouffer *v.* Coleman, 1 *Yeates* 393, and Irvine *v.* Campbell, 6 *Binn.* 118, in which the effect of articles resembling a deed as strongly as this paper does, were considered, and it is decided that the purchaser has a lien for that part of the purchase money which, by the agreement, was not due when a third person bought at she-

[Stokely v. Trout.]

riff's sale.   This, as against a purchaser at sheriff's sale of the right of the vendee by articles; much more has he, who sells by articles, a lien for unpaid purchase money against his vendee.   It is well settled in this state, that after a purchase, and even after a deed without general covenants, the vendee may retain part of the purchase money if part of the land is lost, or there is an incumbrance on it, or even if a valid subsisting adverse title to the whole or part of it; but if sued for the purchase money, the defendant must prove the facts necessary for his defence.   He cannot fold his arms and ask the plaintiff to negative matters which do not appear to the court to exist.   If the defendant here had shown an adverse title, or even an adverse possession, or an incumbrance, he might have had a defence. As the facts have come before us, I cannot say there is any error.

Judgment affirmed.