# McCollum v. Shook, Appellant.

*Vendor and vendee—Judgment—Opening judgment—Ejectment.*

A vendor of land brought an action of ejectment for unpaid installments of purchase money. At the same time he entered a rule to arbitrate. Subsequently the parties agreed that the rule to arbitrate be stricken off, and the defendant confessed judgment for the land, to be set aside, upon payment by the defendant into the prothonotary's office of the whole balance of the purchase money. Upon such payment the plaintiff was to deposit with the prothonotary a deed for the land to the defendant. Subsequently the defendant entered a rule to open the judgment. *Held*, (1) that the defendant could confess judgment in consideration of the rule to arbitrate being stricken off;

(2) that the prothonotary was authorized by statute to enter the con-
~essed judgment; (3) that the fact that the vendee made valuable im-
provements on the land did not permit him to retain the property
without paying the purchase money, and (4) that under all the facts
the court was justified in refusing to open the judgment.

Argued March 14, 1910. Appeal, No. 352, Jan. T., 1909, by
defendant, from order of C. P. Susquehanna Co., Nov. T.,
1908, No. 51, discharging rule to open judgment in case of
A. H. McCollum v. Samuel A. Shook. Before MESTREZAT,
POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to open judgment. Before LITTLE, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order discharging rule to open judgment.

*Edson W. Safford,* for appellant.

*A. B. Smith,* for appellee.

PER CURIAM, April 18, 1910:
This was an action of ejectment brought to enforce the pay-
ment of certain installments of purchase money due for real
estate sold by the plaintiff to the defendant. When the writ
was issued the plaintiff entered a rule to arbitrate which was
served on the defendant. Subsequently, the parties entered
into an agreement by which the rule to arbitrate was stricken
off and the defendant confessed judgment "in favor of the
plaintiff for the land described in the writ, to be set aside and
judgment to be entered for the defendant and against the
plaintiff for the land described in the writ upon payment into
the prothonotary's office by the defendant for the use of the
plaintiff within fifteen days from the date hereof of the sum
of $3,601 and costs, to be taken out by the said plaintiff for his
use only upon depositing with the said prothonotary for the
use of the defendant a good and sufficient warranty deed of
the premises described in the writ." This agreement was filed
in the common pleas and judgment was entered by the pro-

thonotary as therein provided. Three or four months after the entry of the judgment, the defendant presented his petition to the court and obtained a rule upon the plaintiff to show cause why the judgment should not be opened. Matters of fact as well as of law were averred in the petition as reasons for opening the judgment. The learned judge found the matters of fact and ruled the questions of law in favor of the plaintiff.

At the time the writ was issued, several annual installments of principal and interest were due to the plaintiff, and hence he had the right to enforce payment by an action of equitable ejectment. The agreement between the plaintiff's counsel and the defendant was entered into by the latter with a full understanding of its meaning and purpose. The defendant manifestly confessed judgment to save the costs and expense of the arbitration. In the defendant's petition, there is no allegation of the plaintiff's title being defective, nor that the defendant had paid all the installments of purchase money due, nor is there any legal or equitable defense whatever set up which would avail the defendant if the judgment had been opened. It does not appear that the plaintiff has violated his agreement in any way. Under the facts, therefore, as disclosed by the pleadings and testimony, the plaintiff had a right to institute the action and to proceed to judgment. It is equally clear that the defendant could agree that the rule to arbitrate be stricken off, and could confess judgment for the amount he admitted to be due.

The prothonotary was authorized by statute to enter the judgment confessed by the defendant. The fact that after the purchase of the land the defendant made valuable improvements thereon did not permit him to retain the property without paying the purchase money. He made the improvements at his peril, and if he loses them by his failure to comply with the agreement to pay the purchase money he has no one to blame but himself. The making of the improvements on the property by the defendant does not create an equity in him superior to the equity of the plaintiff to enforce payment of the purchase money.

The agreement between the parties for the sale and purchase of the real estate, it will be observed, did not require the plaintiff to deliver a deed until the purchase money was paid. The judgment entered against the defendant by confession provides that the balance due the plaintiff, to be paid into the prothonotary's office, shall "be taken out by the said plaintiff for his use only upon depositing with the said prothonotary for the use of the defendant a good and sufficient warranty deed." It was, therefore, incumbent upon the defendant to pay into court the balance of the purchase money due before he was entitled to a deed from the plaintiff; and hence the fact that no deed was filed in the prothonotary's office by the plaintiff is no reason for the defendant refusing to pay the balance of the purchase money, or any reason for the court opening the judgment against the defendant.

The judgment is affirmed.