# Young *v.* Pennsylvania, Monongahela & Southern Railroad Company, Appellant.

*Vendor and vendee—Executory contract—Payment of purchase money—Defective title—Conditional verdict—Possession—Ejectment.*

When in an action of ejectment by a vendor, in an executory contract, against the purchaser to recover possession of land, the defendant sets up the executory contract and alleges that plaintiff cannot convey the fee simple title covenanted for, the proceeding assumes an equitable character. The contract can only become effective as a defense upon condition that the defendant shall perform his covenants. He must pay the purchase money or surrender possession of the land, so far as he has acquired that possession under the contract. This result is reached by the entry of a conditional verdict and judgment in favor of the plaintiff for the land described in the writ, to be released upon payment of the purchase money by the defendant.

Argued April 18, 1911. Appeal, No. 90, April T., 1911, by defendant, from judgment of C. P. Washington Co., Feb. T., 1909, No. 127, on verdict for plaintiffs in case of Emma Young and Oscar Hartley, guardian of Harry B. Young, v. The Pennsylvania, Monongahela & Southern Railroad Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Ejectment for land in the borough of Millsboro. Before MCILVAINE and TAYLOR, JJ., without a jury.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering the following judgment:
That the plaintiffs are entitled to judgment against the defendant company for the land in dispute, to be released, however, on the payment by the defendant company to the plaintiffs within thirty days after final judgment hereon shall be entered, the sum of $949, being the balance of the entire purchase money, with interest from March 2, 1907; the plaintiffs to deliver a deed in fee to the

said defendant company for the land in dispute, in accordance with the terms and conditions of their said contract, with a covenant of general warranty on the part of Mrs. Emma Young and of special warranty on the part of Oscar Hartley, guardian, and for costs of this suit.

*R. W. Irwin*, with him *Jas. A. Wiley*, for appellant.

*Boyd Crumrine*, with him *John A. Keys* and *E. E. Crumrine*, for appellees.—The defendant must pay the purchase money in full or must surrender the land: Daubert v. R. R. Co., 155 Pa. 178; Maple v. Kussart, 53 Pa. 348; Jacoby v. McMahon, 174 Pa. 133; Stouch v. Zeigler, 196 Pa. 489; Fink v. Miller, 19 Pa. Superior Ct. 556; Smith v. Webster, 2 Watts, 478; Stokely v. Trout, 3 Watts, 163; Congregation v. Miles, 4 Watts, 146.

OPINION BY PORTER, J., October 9, 1911:

The plaintiffs entered into a written executory agreement for the sale of a lot of land to the defendant company; the contract provided that the deed, subsequently to be made, should convey a title in fee simple. This written contract was duly approved and confirmed by the court having jurisdiction of the estate of Harry B. Young of whom Oscar Hartley was guardian. The contract provided for the payment of only $1.00 of the purchase money upon execution of the agreement, which amount was paid by the defendant company, and the balance of $949 was not paid, nor has it been paid up to the present time. The defendant company took possession of the lot of land before the order of court authorizing the sale of the interest of Harry B. Young had been made, and without the consent of the plaintiffs. The defendant company then refused to pay any part of the balance of the purchase money, alleging that the plaintiffs were possessed only of a life estate in the property and could not convey the fee simple title covenanted for in the written executory contract. The plaintiffs then brought this action of eject-

ment and, there being no dispute as to the facts, recovered in the court below a judgment against the defendant company for the land described in the writ, "to be released, however, on payment by the defendant company to the plaintiffs, within thirty days after final judgment, of the sum of $949, being the balance of the entire purchase money, with interest from March 2, 1907; the plaintiffs to deliver a deed in fee to the defendant company for the land in dispute," etc. The defendant appeals from that judgment.

When in an action of ejectment by a vendor, in an executory contract, against the purchaser to recover possession of land, the defendant sets up the executory contract and alleges that plaintiff cannot convey the fee simple title covenanted for, the proceeding assumes an equitable character. The contract can only become effective as a defense upon condition that the defendant shall perform his covenants. He must pay the purchase money or surrender possession of the land, so far as he has acquired that possession under the contract. This result is reached by the entry of a conditional verdict and judgment, as was done in this case, in favor of the plaintiff for the land described in the writ, to be released upon payment of the purchase money by the defendant. These principles have been settled by numerous decisions, among which are Smith v. Webster, 2 Watts, 478; Stokely v. Trout, 3 Watts, 163; Congregation v. Miles, 4 Watts, 146; Daubert v. Pennsylvania R. R. Co., 155 Pa. 178. The plaintiffs are not seeking to compel the defendant company to take this land, nor can the latter be in this proceeding constrained to pay the purchase money. The appellant is left free to give up the land or to retain it and pay the contract price.

The judgment is affirmed.