# McGowan *v.* Boney, Appellant.

*Contracts—Assumpsit — Practice — Insufficient affidavit of defense.*

In an action of assumpsit, an affidavit of defense is insufficient which contains an ambiguous statement as to amount of money alleged to have been paid, and does not set forth the facts with sufficient detail to enable the court to determine whether or not they amount to a defense.

Argued October 17, 1919. Appeal, No. 53, Oct. T., 1919, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1918, No. 387, for want of a sufficient affidavit of defense in the case of Thomas E. McGowan v. Anna W. Boney. Before ORLADY, P. J., PORTER, HENDERSON, HEAD and TREXLER, JJ. Dismissed.

Assumpsit for work done and material furnished.

124    McGOWAN v. BONEY, Appellant.

Statement of Facts—Opinion of the Court. [74 Pa. Superior Ct.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court entered judgment for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was the action of the court in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*Michael J. O'Callaghan,* for appellant, cited: Murphy v. Taylor, 173 Pa. 317; Andrews v. The Packing Company, 206 Pa. 370; Woodoleum Flooring Company v. Kayser, 45 Pa. Superior Ct. 372.

*Edward D. Mitchell,* for appellee, cited: Bethlehem Steel Co. v. Topliss, 249 Pa. 417; Bair v. Jackson, 59 Pa. Superior Ct. 126; Berko v. Kemper Construction Company, 65 Pa. Superior Ct. 589.

PER CURIAM, February 28, 1920:

The court below made absolute a rule for judgment for want of a sufficient affidavit of defense, and the defendant brings this appeal alleging as the sole error, the action of the court in making absolute the plaintiff's rule for judgment.

The affidavit is plainly defective.   While in a general way it denies the contract as set forth in the plaintiff's statement and alleges defective performance of the work done, it particularly relies on the item as follows: "Amount paid to the plaintiff by the defendant was $\frac{00}{333,000}$."   This statement is so ambiguous that it is impossible to interpret this meaning as fixing any payment of any sum of money.   For this reason alone, the court was warranted in making the order complained of. The affidavit of defense should state the facts specifically, and with sufficient detail to enable the court to say whether or not they amount to a defense; and it is bad

for uncertainty when the averment of a fact or of an inference of law from particular facts is not clearly set forth: Superior National Bank v. Stadelman, 153 Pa. 634; Swartz v. The Hist. Pub. Co., 55 Pa. Superior Ct. 407.

Appeal dismissed at costs of appellant and record remitted with direction to enter judgment against defendant for such sums as to right and justice may belong, etc.