Kittleberger & Evans, Appellant, *v.* Home Builders Co. and County Natl. Bank, Clearfield.

Argued October 25, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Clarence R. Kramer,* for appellant.

*W. Wallace Smith,* and with him *John C. Arnold,* for appellees.

OPINION BY PARKER, J., March 3, 1933:

This case comes to us on an appeal from an order of the lower court dismissing, as to Home Builders Company and County National Bank of Clearfield, a bill in equity in which it was alleged that a judgment in ejectment was confessed and a deed was made collusively for the purpose of hindering and delaying the plaintiff, a judgment creditor, in collecting the judgment, and which asked that the judgment in ejectment and conveyance be set aside. Judgment was entered pro confesso against Lanse S. Flaharty and Alice Flaharty.

On June 6, 1924, the Home Builders Company en-

tered into a written contract with Lanse S. Flaharty for the conveyance to him of a tract of land for the money consideration of $700 with interest. As a further consideration, the purchaser undertook to begin the construction of a dwelling house within sixty days to cost not less than $3,000. Prior to August 4, 1924, the agreement was modified by a verbal agreement in which the Home Builders Company agreed to assist the purchaser Flaharty in financing the building, and in pursuance thereof, that company furnished $5,400 to Flaharty, between August 4, 1924, and October 30, 1924. These advances were evidenced by three notes of $1,800 each, discounted at the County National Bank of Clearfield on the credit of the corporation. No part of the $700 was paid, but various payments were made on the advances so that on September 30, 1930, there was due by Flaharty on the original contract $990.85, and on the advances $4,217.97. To cover an existing indebtedness, Flaharty gave to the plaintiffs on March 1, 1929, a judgment note for $540, and on June 8, 1929, a similar note for $64.91. Judgment was confessed on the larger note on July 31, 1929, and on the other note on January 20, 1930.

In December, 1930, the Home Builders Company brought an action in ejectment against Flaharty, and, on the same date, Flaharty filed an answer admitting the facts set forth in the statement, and authorized an attorney to confess judgment. A deed for the premises was delivered by the Home Builders Company to Alice Flaharty, wife of Lanse S. Flaharty, and the Flahartys joined in a mortgage to the bank for $5,210.25, the amount of the money consideration and the balance of the advances made. The bill alleges that the effect of these proceedings was to "hinder, delay and defeat the creditors of Lanse S. Flaharty and amounts to a legal fraud"; that the amicable action in ejectment and the conveyance to Alice

Flaharty, and the execution and delivery of the mortgage to the bank were the result of a pre-arranged plan among all of the defendants, and "were designed to give the County National Bank a first lien against the real estate and to defeat the judgments held by plaintiffs"; and that before the delivery of the deed and mortgage and the entry of the judgment in ejectment, there was an agreement between the Home Builders Company and the Flahartys that if the interest of Lanse S. Flaharty should be defeated, the premises would be conveyed to the wife, the equity of redemption of Lanse S. Flaharty removed, and the Home Builders Company and the bank preferred. It was further alleged that the result of this transaction was to dispose of all the property of Lanse S. Flaharty in the state of Pennsylvania, except household goods of a value less than the exemption allowed by law, and that the plaintiff knew of no assets of any kind owned by said Flaharty at any place, other than said household goods.

It is the contention of the appellants that these facts, which on a motion to dismiss must be assumed to be true, constituted a legal fraud. The appellants, in their printed argument, make the statement: "Appellants admit they [defendants] intended no actual fraud. Their motives probably were promoted solely by a desire to accomplish a definite purpose and they may have in good faith proceeded accordingly." We are all of the opinion that the essential elements of legal fraud are absent. "Where fraud is set up as a ground for relief the facts which constitute it must be averred": Levine v. Pgh. State Bank, 281 Pa. 477, 482, 127 Atl. 68. The mere averment of a conclusion is without avail unless supported by a statement of facts. General averments of matters which in themselves are legal conclusions or inferences from facts not stated are insufficient. This applies with

particular force to charges of fraud and undue influence. It should appear of what the fraud or undue influence consists. See Kaufman v. Cooper Iron Co., 105 Pa. 537; Gross v. Exeter Machine Works, 277 Pa. 363, 121 Atl. 195; McGowan v. Boney, 74 Pa. Superior Ct. 123. "No wrong can be committed where one pursues his legal rights by lawful means. If he gets ahead of others in the race who had an equal chance with him, the law finds no fault, for one of its maxims is, 'vigilantibus non dormientibus leges subveniunt'": Damon v. Bache, 55 Pa. 67, 69. The money payments due on the contract for the sale of the land were long overdue, and a comparatively small portion of the funds advanced for the construction of the building had been repaid. The purchaser, by his answer in the ejectment case, admitted his failure to comply with the agreement. The vendor, the Home Builders Company, was entitled to have the stipulated consideration paid or have the contract terminated and the land returned. The vendee, by confession of judgment, elected to return the land. Ejectment was a remedy available to the vendor: Daubert v. Penna. R. R. Co., 155 Pa. 178, 186, 26 Atl. 108; Young v. Penn. Monongahela, etc., 48 Pa. Superior Ct. 49. The vendee could confess judgment for the land, and having agreed so to do, such action would not constitute of itself a legal fraud, and the fact that vendee made valuable improvements did not permit him to retain the land: McCollum v. Shook, 228 Pa. 28, 76 Atl. 751.

Appellants refer to certain circumstances which they claim disclose legal fraud, and we will consider each of such allegations. They say that, as a result of the ejectment, the lien of their judgment on this land was lost. This of itself, if a fact, would not point to fraud. In any view of the transaction, the claim of the vendor for $990.85, the original consideration, was prior to that of the judgment creditor, and such creditor is in

no different position than any junior lien creditor whose lien is lost by reason of a proceeding on a prior lien. ''The holder of the legal title was not required to make the [judgment creditors] mortgagees [of an equitable interest] parties to the action of ejectment. They had a lien only on the equitable interest'': Maxson's Appeal, 75 Pa. 176, 187.

Appellants also call attention to the circumstances that the declaration in the ejectment suit and the answer were dated some time prior to their entry, and that there was a preconcerted arrangement for the confession and the making of a deed to the wife of the vendee. These facts did not establish a legal fraud. In Price's Appeal, 109 Pa. 133, an agreement for an amicable action of ejectment was entered into. This agreement allowed ten days within which vendee might pay the judgment when it would be released; otherwise, it was provided that a writ of habere facias possessionem should be at once issued. The action was not filed until the expiration of ten days, when writ of possession was issued. It was held that without other circumstances, it was of no more significance than the entry of a judgment note when due and the immediate issue of an execution.

In the case of Damon v. Bache, supra, an ejectment suit was suggested and commenced at the request of the owner of the equitable title, with the expectation that the owner of the legal title would allow the son of vendee to live on the premises and look after his mother. The Supreme Court there said (p. 70): ''He had a right to repossess himself of the land for the condition broken in the judgment. He did nothing more. It is not alleged he got judgment for money not due, nor that he issued execution before he had a right to do so. The fact that Landis [vendee] told him of his condition, and that he acted on that hint, was all right. He was not bound to give the creditors

notice, nor to wait to see whether or not they would take any steps to possess themselves of Landis's equity. They should have taken notice of his proceedings. There is no fraud where there is nothing wrong."

In Roush v. Herbick, 269 Pa. 145, 112 Atl. 136, a tenant holding a lease under the equitable owner unsuccessfully made the claim that a sale was made for the purpose of divesting his title, and there was an agreement by vendor to convey the title on securing possession. This was likewise held to be insufficient to set aside the proceedings.

The decision in Price's Appeal, supra, is applicable to the facts in the instant case. In addition to the matters in that case to which we have called attention, it appeared that the purchaser at a sheriff's sale of a vendee's title brought suit against the owner of the legal title who had recovered possession, to himself secure possession on payment to the vendor of the balance of the consideration due on the original agreement. The opinion in that case distinguishes the case of Forrester v. Hanaway, 82 Pa. 218, on which appellants rely. It was there said (p. 137): "The purchase money under the contract had long been due when the amicable confession in ejectment was made; Throop knew nothing about Bertha Frank's judgment, and if he had known it was not his business to take care of it. It would, indeed, be intolerable if a vendor, before he could take a confession in ejectment for the purpose of recovering his purchase money, must first search the dockets to learn whether or not there was a judgment creditor who might be affected thereby. Such creditors must take care of themselves; if they desire to protect their judgments against the holder of the legal estate they may pay the purchase money and thus control the title. So might the appellee have

done, but failing in this, either through ignorance or neglect, she cannot now be heard to complain.''

Expressed in few words, the difficulty with appellants' contention is that they delayed too long in asserting their rights. This is not a case of entering a judgment on the pleadings in a doubtful case, for the bill has been amended twice after objections made, and it is fair to assume, under these circumstances and from the admissions in the printed argument, that all of the available facts have been stated.

The decree of the lower court, dismissing the bill as to Home Builders Company and County National Bank of Clearfield, is affirmed.