Compton, Receiver, Appellant, *v.* Heilman et al.

546

Argued May 26, 1938. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*George L. Reed,* with him *A. J. White Hutton,* for appellant.

*Edmund C. Wingerd,* for D. Leslie Diehl, appellee.

*John McD. Sharpe,* for Mary Diehl Heilman, appellee.

Opinion by Mr. Justice Barnes, October 3, 1938:

George M. Heilman, of Hagerstown, Maryland, who died on June 26, 1926, was the owner at the time of his death of several parcels of real estate situated in the Borough of Greencastle, Franklin County. On June 23, 1927, ancillary letters testamentary were granted by the Register of Wills of Franklin County to L. Mai Heilman, the widow of decedent, and the executrix named in his will. On or about April 2, 1932, the executrix presented her petition to the orphans' court of the county named, praying that she be authorized to mortgage to the extent of $25,760.03, this real estate of the decedent, for the purpose of paying certain debts mentioned in the petition. The order being granted, the executrix thereupon executed and delivered a mortgage to the creditors named in the petition, to be held in proportion to the amount of their claims as follows: Maryland Surety & Trust Company to the use of L. Mai Heilman, $10,000; L. Mai Heilman, $2,400; Grey Gables, Inc., $8,736.03, and Citizens National Bank of Greencastle to the use of Ridgway Corporation, $4,624. The mortgage was duly recorded on April 19, 1932. Thereafter the interest of L. Mai Heilman in the mortgage was assigned to D. Leslie Diehl, one of the present defendants.

At a special meeting of the board of directors of Grey Gables, Inc., held on March 15, 1934, a resolution was adopted declaring that the company had acquired its $8,736.03 interest in the mortgage without consideration, and directing its officers to release of record this portion of the mortgage. Pursuant to this authorization the share of the mortgage so held by Grey Gables, Inc., was duly satisfied of record.

The plaintiff is ancillary receiver of the property and assets of Grey Gables, Inc. As such he filed this bill to have cancelled and set aside the satisfaction of the mortgage, upon the ground that the directors had acted in fraud of the creditors of the company, which was insolvent at the time. Two of the defendants, D. Leslie

Diehl, assignee, and Mary Diehl Heilman, who are here the appellees, filed answers raising preliminary objections to the bill, assigning as reasons that there were no averments that the decedent at his death was indebted to Grey Gables, Inc., or that there was any consideration for the interest which it received in the mortgage; and further, that the allegation of fraud of the directors was insufficiently set forth in the bill.

The opinion of the court sustained the objections and required plaintiff to file an amended bill. The plaintiff then filed amendments to the original bill, which were followed by motions to dismiss, alleging that the bill as amended failed to comply with the requirements set forth in the court's opinion. After argument, a final decree was entered dismissing the bill upon the same grounds stated in the preliminary objections. From the decree so entered the plaintiff has appealed.

It is clear that if the decedent was not indebted to Grey Gables, Inc., at the time of his death there was no consideration for its share in the mortgage, and its subsequent release and satisfaction were within the power of the directors of the corporation. Unless the mortgage was supported by a consideration the company had no right to retain its interest therein.

In his amendments to the bill, plaintiff does not aver the nature and character of the obligation alleged to have been owing by the decedent to Grey Gables, Inc., or the specific facts and circumstances under which such debt arose. He sets up the existence of an indebtedness by the mere recital of statements contained in the petition of the executrix to the orphans' court to mortgage decedent's real estate.

Plaintiff contends that such statements are admissions made by the executrix, inasmuch as she made affidavit to the petition that she was familiar with the facts and they were truly stated, and that such an averment is sufficient. However, merely to set forth in a pleading that a certain person admitted a fact is not a proper

pleading of the fact itself. The averment that the executrix admitted in her petition that Grey Gables, Inc., was a creditor of decedent is not an allegation of that fact. It is pleading evidence. The rule is thus stated in 49 C. J., section 16, pages 40-43: ". . . a pleading should allege the ultimate facts to be established, and not matters of evidence tending to establish them, and the absence of an allegation of an essential fact cannot be supplied by allegations of matters of evidence tending to prove such fact." See also *Hubbard v. Tenbrook*, 124 Pa. 291.

Plaintiff's bill violates the requirements of our Equity Rule 34, which provides in part as follows: "Every bill shall contain, in a concise and summary form, a statement of the *facts* on which plaintiff relies. . . ." Although afforded two opportunities, the plaintiff has failed to aver more than the acknowledgment of the debt appearing in the petition of the executrix to the orphans' court. We are of opinion that the averment of such an admission is insufficient as a pleading and of no value as evidence, for it is well settled that an admission made by an executor or administrator with respect to matters of which he has no first-hand knowledge, as for instance the existence of an indebtedness by the decedent in his lifetime, cannot be received in evidence: *Rowland v. Clark*, 250 Pa. 192. We are in accord with the view expressed by the learned court below that "There is no place in the amendments [to the bill] any allegation that George M. Heilman was indebted to Grey Gables, Inc., at the time of his death, but such allegation seems to have been avoided by the plaintiff both in the original bill and in the amendments. . . ."

The receiver alleges fraud. He seeks to set aside the release and satisfaction of the mortgage upon that ground. In consequence he must set out in the bill the specific facts upon which he bases that charge. There are no averments in the amended bill which show fraudulent conduct in entering the satisfaction, or from which

it can be inferred. Corporate directors are not without authority to authorize the satisfaction of a mortgage standing in its name, if they are satisfied that there is no debt due from the mortgagor to the corporation. There can be no fraud in satisfying a mortgage to which the corporation has no just right. In our opinion the amended bill fails to aver any facts which, if true, would justify the finding of fraud, and therefore it sets forth no grounds for the equitable relief asked. In this connection we refer to what is said in *Rice v. Braden,* 243 Pa. 141, 148: "Such fraud is never to be presumed but must be proven, and in averring it in a bill of complaint it is not sufficient to aver the legal conclusion that an act was fraudulently done or representation fraudulently made, but the facts which constitute the fraud must be clearly and explicitly set out, so that the court and not the pleader may judge whether the act or representation complained of was fraudulent or otherwise": *McCloskey v. Snowden,* 212 Pa. 249; *Levine v. Pittsburgh State Bank,* 281 Pa. 477; *Schuster v. Largman,* 308 Pa. 520; *Kittleberger v. Home Builders Co.,* 108 Pa. Superior Ct. 264. We conclude that the bill as amended is defective, and must be dismissed.

The decree of the court below is affirmed. Appellant to pay the costs.