Hanna et al., Appellants, *v.* Oldach et al.

Submitted December 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Paul R. Sand,* for appellants.

*E. P. Balderston, Jr., Hodge, Hodge & Balderston, Robert T. McCracken* and *Montgomery, McCracken, Walker & Rhoads,* for appellees.

OPINION BY DITHRICH, J., January 17, 1947:

Plaintiffs seek the aid of equity in the reformation of a deed. To their bill and to their amended bill, defendants filed preliminary objections. The objections were sustained and the bill dismissed. From the decree sustaining the objections and dismissing the bill, plaintiffs have brought this appeal.

The facts, as averred in the amended bill and which on preliminary objections must be taken to be true, are as follows: On or about the 4th day of June 1943, the parties entered into a verbal agreement, by the terms of which plaintiffs agreed to buy and defendants agreed to sell all that certain lot or piece of ground known and numbered as No. 800 Myrtle Avenue, Penfield, Delaware County, Pennsylvania. Pursuant to the verbal agreement, the parties on July 9, 1943, met at the Land Title Bank and Trust Company, Philadelphia, for settlement. Defendants then were and still are the owners of lots Nos. 104 and 105 in a certain plan of lots called "Penfield" in Haverford Township in addition to lots 99 to 103, inclusive, in said plan, on which the premises at No. 800 Myrtle Avenue were situate. When the deed was presented, the settlement clerk called attention to the fact that lots 104 and 105 were not included. Plaintiffs protested the omission of the two lots, which reduced the frontage of the property on Ashurst Road from 175 feet to 125 feet (each lot having a frontage of 25 feet), but nonetheless they accepted the deed calling for the reduced frontage, paid the purchase price, and had the deed recorded.

Two and one-half years later, to-wit, January 4, 1946, they filed their bill for reformation of the deed on the ground of fraud; and on March 19, 1946, they filed their amended bill. By their preliminary objections, defendants have raised three questions. They are as to the sufficiency of the pleadings, laches, and the Statute of Frauds.

The principal objection, the one to the merits and the only one we shall discuss, is that appellants have not pleaded sufficient facts which, if proved, would establish fraud. In this respect the bill is fatally defective. Par. 22 of the bill states "That there has been perpetrated upon them a fraud. . . ." This is not an averment, and counsel for appellants does not con-

tend that it is a sufficient averment of fraud. It is a conclusion of law. "It is not enough to allege a legal conclusion that there has been fraud; the facts constituting the fraud must be clearly and explicitly set forth in the bill of complaint": *Kepler v. Kepler et al.*, 330 Pa. 441, 445, 199 A. 198, 202. See, also, *Compton, Rec., v. Heilman et al.*, 331 Pa. 545, 1 A. 2d 682, and *Kittleberger & Evans v. Home Builders Co. et al.*, 108 Pa. Superior Ct. 264, 164 A. 821.

While admitting that Par. 22 is not a sufficient averment of fraud, appellants argue that "on the basis of the paragraphs cited and the general tenor of the Amended Bill, fraudulent intent was averred" and facts set forth upon which fraud can be found. An analysis of the bill clearly reveals that no such facts are pleaded. On the contrary, the fact that there was a clear disclosure at settlement that the deed did not include lots 104 and 105 and that the frontage on Ashurst Road was not 175 feet but 125 feet negatives any fraud on the part of defendants.

Par. 6 avers "That all verbal negotiations concerning the purchase of aforesaid premises were with regard to No. 800 Myrtle Avenue and did not relate to any specific number of feet." This averment further negatives any fraud on the part of defendants, as it clearly shows that they never represented to plaintiffs that they were to receive any greater frontage on Ashurst Road than the deed called for.

Furthermore, even if fraud were sufficiently averred, the pleadings show that plaintiffs with full knowledge of the facts completed the settlement, accepted and recorded the deed. This would permit no other conclusion than that appellants ratified and confirmed the description in the deed. "The power of avoidance for fraud or misrepresentation is lost if the injured party after acquiring knowledge of the fraud or misrepresentation manifests to the other party to the transaction

an intention to affirm it . . .": Restatement, Contracts, p. 924, § 484.

Further analysis of the bill would serve no useful purpose and would only unduly add to the length of this opinion. The most that can be said for it is that it alleges a unilateral mistake of fact on the part of appellants, and for this equity can afford no relief.

In extenuation of their delay of two and one-half years in bringing action, appellants state, Par. 30, that they ". . . only a short time ago were able to engage counsel who would plead their case." This we can readily understand.

Decree affirmed; appellants to pay the costs.