## Dunsmore v. Criville

*Paul W. Callahan,* for plaintiffs.

*H. Kenneth Butera,* for defendants.

FORREST, P. J., April 22, 1963.—This action in equity, brought by a buyer of real estate to rescind the agreement of sale on the grounds of fraud in the inducement, comes before us on defendant Criville's motion for judgment on the pleadings. Defendant contends that with full knowledge of the alleged fraud, plaintiffs signed an extension agreement and thereby ratified the agreement and are barred from alleging fraud.

A defendant's motion for judgment on the pleadings, like a preliminary objection, is the equivalent of the old statutory demurrer and admits all facts which are well pleaded by plaintiffs in their complaint and reply: Zackroff v. Smith, 56 Lanc. 459 (1959) ; 2A Anderson, Pa. Civ. Pract. §1034.14 fn. 18. Such a motion should be granted and judgment should be entered only in a case which is clear and free from doubt, or as it is sometimes expressed, only when it is clear that no cause of action is stated: Ross v. Metropolitan Life Insurance Company, 403 Pa. 135 (1961).

The facts admitted for purposes of this motion are as follows:

On August 1, 1962, plaintiffs, Anne D. Dunsmore and Greta J. Dunsmore, as purchasers, and defendant, Raymond J. Criville, as seller, executed an agreement of sale of certain real estate, which was prepared on one of the common printed forms. The real estate is described therein simply as "premises located at 2761 Belmont Ave., Lower Providence, Penna." Plaintiffs signed the agreement and paid $1,000 down money to defendant, Harry Butera, Inc., a real estate brokerage firm, in reliance on seller's false and fraudulent representations orally made on July 26, 1962, to plaintiffs on the said premises, that:

(1) The westerly boundary of the property was approximately 20 feet farther west than the actual boundary;

(2) There was a French drain 50 feet long, 6 feet wide and 6 feet deep on the property along the western boundary, which served to dispose of waste water from a washing machine and wash tubs;

(3) There were a septic tank and two cesspools for sewage disposal, the second cesspool flowing into another drainage system to absorb any such overflow.

On August 20, 1962, an attorney for plaintiffs wrote to Russell J. Santangelo, a cooperating broker in the

sale of the property, inquiring whether the French drain is on the property or not.

Before August 30, 1962, plaintiffs received a survey showing the exact boundaries of the land.

On or about August 30, 1962, according to plaintiff's reply, "plaintiffs *had knowledge* of the existence *of questions*" of (1) location of westerly boundary; (2) location of French drain; and (3) type of cesspool system.

On August 30, 1962, defendant-seller and plaintiff-buyers signed an agreement to extend the deadline for settlement from August 31, 1962, to September 7, 1962, "with the express understanding and agreement that this extension of time is made without prejudice to any of the other terms and covenants of the said agreement."

Defendant-seller contends that plaintiffs, by signing the extension agreement with *full knowledge* of the alleged *misrepresentations*, are barred from rescinding on the ground of fraud.

If defendant's hypothesis were the admitted fact, his legal conclusion would be correct. " 'The power of avoidance for fraud or misrepresentation is lost if the injured party after acquiring knowledge of the fraud or misrepresentation manifests to the other party to the transaction an intention to affirm it . . .'; Restatement, Contracts, §484": Hanna v. Oldach, 160 Pa. Superior Ct. 190, 192-3 (1947). However, defendant's contention assumes a fact which is not admitted in the pleadings. The pleadings contain averments only that plaintiffs, at the signing of the extension agreement knew of *questions of possible misrepresentations*. This is not the same as *actual knowledge* of misrepresentations.

And now, April 22, 1963, the motion of defendant, Raymond J. Criville, for judgment on the pleadings, is refused.